HARVEY H. MERSHON, PLAINTIFF IN ERROR, v. JOHN W. CASTREE ET AL., EXECUTORS, &c., DEFENDANTS IN ERROR.

1. A copy of the judgment must be returned with the writ of error.
2. A rule striking out a sham plea is not reviewable by writ of error.
3. A mortgagee may maintain ejectment, notwithstanding the statute requiring a foreclosure as the first proceeding in the collection of the debt.

This was an ejectment suit, to which the statutory plea. The plaintiff moved to strike out the defence on the ground that the suit was on a mortgage to which, under the circumstances, there could be no legal opposition, and presented affidavits to that effect. The sole contention of the defendant was that the only action that a mortgagee could take on his bond and mortgage was to foreclose the latter.

This plea was struck out by the Monmouth County Circuit Court as a sham and frivolous plea.

To that decision this writ of error was brought. Diminution having been alleged, the proceedings at the Circuit on the motion to strike out were placed before this court by *certiorari.*

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff in error, *Voorhees & Booraem.*

For the defendants in error, *Frederick Parker.*

The opinion of the court was delivered by·

BEASLEY, CHIEF JUSTICE. This writ of error must be dismissed on two grounds.

The first of these is that the record is essentially incomplete. It consists of a copy of the pleadings, and the proceedings on the motion to strike out the plea. The papers do not include the record of a judgment. This court could not affirm or reverse a judgment that remains in the court below.

The second objection is as radical as this first one, and is more incurable. It is this, that a rule striking out a plea is not subject to review in error. This is expressly decided by the Court of Errors in the case of *Brown v. Warden,* 15 *Vroom* 177.

It may be a satisfaction to the plaintiff in error to know that the court has looked into the merits of the defence attempted to be set up by him, and that its conclusion is that such defence is not sustainable. The statute does not deprive

a mortgagee of any right possessed by him prior to its passage, except the right to sue on his bond before foreclosure. The regulation of the act is thus expressed, viz. : " That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage," &c.    *Sup. Rev., p.* 490, *pl.* 6.

But a proceeding to obtain possession of the mortgaged premises is not a " proceeding to collect the debt," its object being to secure and protect the pledge.    This is the view expressed in the books of the purpose of the mortgagee's ejectment.    15 *Am. & Eng. Encycl. L., tit. " Mortgage," p.* 817.

The hardship that the statute was intended to alleviate was the seizure and sale of the chattels of the mortgagee by virtue of a judgment on the bond, before resorting to the land.    No purpose is observed in it to abridge the right of the mortgagee beyond that measure.    The statute must be construed strictly, as it is in derogation of the common-law force inherent in the bond and mortgage.

Let the writ be dismissed, with costs.