THOMAS W. WEATHERBY v. EBENEZER SPARKS ET AL., EXECUTORS, &c., OF THOMAS S. WEATHERBY, DECEASED.

Argued February 24, 1899—Decided June 12, 1899.

1. If, under order to limit creditors, a verified claim on the bond of a deceased obligor be presented to his legal representatives, and they serve notice disputing the same, a suit may be brought on the bond, without first foreclosing an accompanying mortgage, notwithstanding the statutory requirement (*Gen. Stat.,* p. 2112, *pl.* 47) that in all cases where a bond and mortgage shall be given for the same debt, all proceedings to collect said debt shall be first to foreclose the mortgage, and after sale, then to proceed on the bond for the deficiency.

2. Such a suit is not a proceeding to *collect,* but only to *ascertain* the debt. In such a case the statute stays only execution.

---

On case certified from Gloucester County Circuit Court.

The plaintiff declared on an overdue money bond given by defendants' testator. The defendants pleaded that with the bond a mortgage was given for the same debt and that there had been no sale of the mortgaged premises under foreclosure proceedings. The plaintiff replied that on his presentation to the defendants of a verified claim on the bond they had given him notice in writing that said claim was disputed. A motion to strike out such replication has been certified to this court for its advisory opinion.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiff, *Robert S. Clymer*.

For the defendants, *Samuel H. Richards*.

The opinion of the court was delivered by

COLLINS, J. The plea involved in this case rests on the following statute, in force when the plaintiff took his bond, viz.: "In all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be first to foreclose the mortgage, and if, at the sale of the mortgaged premises under said foreclosure proceedings, the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency ; and that all suits on said bond shall be commenced within six months from the date of the sale of said mortgaged premises, and judgment shall be rendered and execution issued only for the balance of debt and costs of suit." *Gen. Stat.*, *p.* 2112, *pl.* 47.

The replication attacked rests on a statute that provides for the presentation of verified claims against the estates of decedents, to their legal representatives under order of limitation of an Orphans' Court, and for decree barring all claims not so presented ; and then enacts as follows, viz.: " If any

executor or administrator to whom any such claim is presented dispute the same, or any part thereof, and shall give notice in writing to the creditor, claimant, his attorney or agent, that said claim, or any part thereof, is disputed, such creditor shall bring suit therefor in three months from the time of giv ng such notice; and in any suit not commenced within said time, said decree shall bar any recovery of the account or part so disputed, as if said debt or claim had not been presented within the time so limited by said court."

Embraced as this is in the last revision of the Orphans' Court act (*Pamph. L.* 1898, *p.* 715, § 71), the plaintiff argues that, as the later enactment, it must control the statute first quoted. The contention has no force, for, in its original enactment, this statute long antedates the other. *Gen. Stat., p.* 2368, § 63. A revision does not change the relation of statutes. *Ruckman* v. *Ransom,* 6 *Vroom* 565; *State* v. *Anderson,* 11 *Id.* 224. Nor is the fact that the other statute is the later, material in this controversy. The two statutes do not conflict in their provisions. The supposed difficulty in their joint application, in some cases, inheres in extrinsic conditions. If a creditor of a decedent, holding a bond secured by mortgage, should promptly serve his claim on the bond and receive notice that it was disputed, it might easily be that, before he could reach a sale on foreclosure, three months would have expired; but such a predicament was purely for legislative consideration. All we can do is to determine the legislative intent.

We must assume harmonious intent in the body of our statute law and construe separate enactments accordingly. With those now involved it is possible to do this and avoïd a dilemma that would otherwise be presented. It will be observed that in the requirement of the statute—that "proceedings to *collect*" shall be, first, to foreclose the mortgage— there is no express prohibition of a previous suit on the bond. Inferred prohibition should go only as far as necessary. A suit against the *obligor* has been held not maintainable. *Hellyer* v. *Baldwin,* 24 *Vroom* 141; *Holmes* v. *Sea-*

*shore Electric Railway Co.*, 28 *Id.* 16. It was proper to so hold, for such a suit is a step in a proceeding to collect. A suit against the legal representatives of a deceased obligor, brought by legal necessity on notice from his legal representatives, stands on a different footing. True, in *Smith* v. *Crater*, 16 *Stew. Eq.* 636, 639, it seems to have been assumed that the inferred prohibition extends to such a case, but the statement to that effect was *obiter* and not required by the decision. The present phase of the case was not in contemplation. The decision itself is express authority for the right, notwithstanding the statute, to serve on the representatives of a deceased obligor a verified claim on a bond secured by mortgage not yet foreclosed, and is therefore in harmony with the view about to be expressed. If a claim so served be disputed by notice in writing, the right to bring suit on it follows as a necessary incident. Such a suit is not a proceeding to *collect*, but only to *ascertain* the debt. The judgment will not be a lien on either goods or lands of the decedent. If execution is possible, that, of course, will be stayed by the statute, but no other restraint is required by either the spirit or letter of the law. No preference over other creditors will be gained by the mortgagee if such judgment be permitted, for, on a decree of insolvency, the proceedings have relation back to the original order of limitation. *Wemple* v. *Von Arx*, 17 *Vroom* 531. The representatives of the estate are in no worse plight under judgment than under the verified claim. If the mortgagee will not foreclose, their remedy is to secure sale free from the mortgage. *Gen. Stat.*, *p.* 2401, § 198, now *Pamph. L.* 1898, *p.* 715, § 87.

There is nothing novel in thus limiting the prohibition of the statute in question. Its scope was considered by Chief Justice Beasley in *Mershon* v. *Castree*, 28 *Vroom* 484. That learned judge said that the act, being in derogation of the common law force inherent in a bond and mortgage, must be strictly construed, and he upheld ejectment for the mortgaged lands before foreclosure because ejectment is not a " proceeding to collect the debt." He pointed out that the hardship

the statute was intended to alleviate was the seizure and sale of other property of the mortgagor by virtue of a judgment on the bond before resorting to that which had been mortgaged, and he declared, as the result of his reflection, that "no purpose is observed in it to abridge the right of the mortgagee beyond that measure."

We have not failed to notice a subsequent section of the statute first cited, which reads as follows: "If after the foreclosure and sale of any mortgaged premises the person who is entitled to the debt shall recover a judgment in a suit on said bond for any balance of debt, such recovery shall open the foreclosure and sale of said premises and the person against whom the judgment has been recovered may redeem the property by paying the full amount of money for which the decree was rendered, with interest to be computed from the date of said decree and all cost of proceedings on the bond ; *provided*, that a suit for redemption is brought within six months after the entry of such judgment for the balance of the debt." This provision, of course, cannot apply to a case where judgment has been recovered before a foreclosure sale, but that very fact raises an argument, by way of interpretation of the whole statute, that such a case was not in legislative contemplation. We do not yield to this argument. The language used implies the possibility of the recovery of a judgment for the whole amount of the bond before the foreclosure, and for such a contingency no provision is made. There is good reason for the distinction. At a normal foreclosure sale there is a very natural feeling that the mortgagee will be satisfied with its fruits, particularly where he buys in the property, and will not sue on the bond. Recovery of judgment in advance of foreclosure portends a very different attitude. Those interested will then see to it that the mortgaged premises bring their value. There is no perceptible reason for giving to the legal representatives of a deceased obligor an opportunity to redeem, after sale, from a foreclosure decree. Their whole duty is performed by a judicial administration of the decedent's estate, and that is reached as well by means

of a foreclosure sale as in any other way. Indeed, they cannot redeem at all except on their responsibility for a loss of assets arising from their doing so. The scheme of the two statutes above pointed out seems rational and consistent.

The Circuit Court is advised that the replication certified is good, and the motion to strike it out should be denied.