ANNIE C. KNIGHT v. CAPE MAY SAND COMPANY.

Argued June 6, 1911—Decided November 27, 1911.

1. The act of March 23d, 1881 (*Gen. Stat.*, *p.* 2112), which provides "that in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be first to foreclose the mortgage" being in derogation of the common law force inherent in the bond must be construed *strictly.*

2. Where an obligee who holds two bonds aggregating a sum certain due at once afterwards takes from the same obligor a bond and mortgage to secure a like sum payable at the expiration of one year with a provision as to default in the payment of interest and taxes and an obligation by which the cost of insurance may be added to the debt secured by the bond, the aggregate sum of the two bonds first mentioned and the debt secured by the bond last mentioned are not so strictly identical that the first mentioned bonds are stripped of their common law force by the act of March 23d, 1881. *Gen. Stat.*, *p.* 2112.

On rule to show cause.

On May 20th, 1909, the Cape May Sand Company executed its bond with warrant of attorney to Annie C. Knight conditioned for the payment of $18,698.03.

On the same day the same obligor executed a like bond to J. Henry Edmunds, conditioned for the payment of $7,190.95, which bond was forthwith assigned by said Edmunds to Annie C. Knight.

These bonds were due at once and contained no other obligation than the payment of their principal sums which aggregated $25,888.98. Later, on the same day, the same obligor executed to Annie C. Knight its bond conditioned for the payment of $25,888.98 in one year, with interest payable semiannually, with a provision that upon a default of thirty days in the payment of such interest the principal should be payable immediately, and a further obligation by the obligor to pay all taxes, with a provision that upon a default thereof for ninety days the principal should be due immediately.

For the better securing of the debt evidenced by this bond the obligor executed to the obligee a chattel and real estate mortgage which recited said bond and the obligations contained in it, and also further bound the mortgagor to carry insurance to the full amount of the debt secured by said bond, to assign the policy to the mortgagee, and in default thereof, the expense of so doing to be incurred by the mortgagee and added to the principal debt of the bond.

On January 30th, 1911, judgment by virtue of the warrant of attorney was entered by Annie C. Knight, on her bond conditioned for the payment of $18,698.03, and also on the Edmunds bond for $7,190.95, which had been assigned to her.

The defendant in each of these judgments, *i. e.*, the Cape May Sand Company, thereupon obtained a rule to show cause why these judgments should not be vacated, the contention of the defendant being that the judgments were entered in violation of the provision of section 2 of the act of March 23d, 1881 (*Gen. Stat., p.* 2112), which reads: "That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be *first* to foreclose the mortgage."

Before Justices GARRISON and TRENCHARD.

For the rule, *Grey & Archer.*

*Contra, Charles R. Stevenson* and *Robert H. McCarter.*

The opinion of the court was delivered by

GARRISON, J. The question upon which this case turns may be decided either way accordingly as the statute is construed, liberally or strictly. The first question, therefore, is, in which of these modes is the statute to be construed?

Upon that point this court is concluded by its previous decisions. In *Mershon v. Castree*, 28 *Vroom* 484, Mr. Chief Justice Beasley said, *obiter:* "The statute must be construed strictly, as it is in derogation of the common law force inherent in the bond and mortgage."

In *Van Aken v. Tice*, 31 *Vroom* 377, it was said that the effect of the statute was that "an identical debt" was not ripe for suit otherwise than by the foreclosure of the mortgage, &c.; and it was also pointed out that "the time of the 'giving' is the test made by the statute, not the time of bringing suit or of obtaining judgment upon the bond," thereby indicating a strict construction of the language of the statute.

In *Callan v. Bodine*, 52 *Vroom* 240, it was expressly held in the opinion of Mr. Justice Reed that "the statute invoked is in derogation of the common law and must be strictly construed."

This last decision which we consider as binding upon us renders the determination of the present case comparatively simple, since if any degree of strictness be observed the debt to secure which the mortgage was given was a different debt from that which was already in existence and outstanding at the time the new bond and mortgage were given. In a legal sense a debt consists not only of a sum payable but also of those incidents that enter into and determine the certainty of such sum as to amount and time of payment. Thus regarded the debts for which separate judgments were entered and that to secure the payment of which the mortgage was given, have nothing in common excepting the similarity of the initial sum. In all of the incidents of the mortgage debt by which its due day and amount were determined, it is a totally different debt in the strictly legal sense.

The sums secured by the two separate bonds were due at once, thereby constituting a debt certain in time and amount. The mortgage secured a debt of like amount plus a year's interest, and its due day was not only unlike that of the separate bonds, but was uncertain, being contingent upon defaults by the obligor in the payment of interest or taxes; the amount secured was itself uncertain, not only by reason of such default clauses, but also because it was liable to be swelled by the cost of insurance which, in case of default, was to be added to the principal debt of the bond.

The debt therefore represented by the aggregate sum of the two judgments, and the debt to secure which the mortgage was given were not identical in any strict sense, and as that is the sense in which the statute must be construed, the result is that there was no legal barrier in the way of the obligee's taking such action upon her bonds as at common law she had an unquestioned right to do.

I am not for a moment suggesting that the defendant owes both debts or that what is collected upon one must not be credited on the other; what we are deciding is that the giving of the mortgage to secure the debt, evidenced by the bond that accompanied it, did not strip the previously-existing bonds of any common law force they possessed before the bond and mortgage were executed. If the present judgments are paid in full there may still be something due on the debt secured by the mortgage by way either of interest or insurance premiums added to the principal debt of the bond. In fine, the debt now in judgment is not the precise debt for which the mortgage was given.

This is all that, as a court of law, we are called upon to decide, and such decision leads to a discharge of the rule to show cause in the present case.