DEL-NEW COMPANY, A CORPORATION, ETC., PLAINTIFF-RESPONDENT, v. WILLIAM JAMES, DEFENDANT-APPELLANT.

DEL-NEW COMPANY, A CORPORATION, ETC., PLAINTIFF-RESPONDENT, v. GEORGE WHILT, DEFENDANT-APPELLANT.

Submitted January 27, 1933—Decided July 28, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the respondent, *Mark Marritz* (*Patrick H. Harding*, of counsel).

For the appellant William James, *Edwin Field Crane* (*Richardson A. Roberts*, of counsel).

The opinion of the court was delivered by

BROGAN, J.   The plaintiff and the defendant occupy the relationship of landlord and tenant, the defendant being the tenant.   The premises, when rented, were encumbered by a mortgage which thereafter became in default.   The mortgagee served notice upon the tenant, directing that he pay rent thereafter to the mortgagee.   The tenant did pay rent to the mortgagee.   Later a demand was made upon him by the plaintiff owner (mortgagor) for rent for the same period which the tenant refused to pay, stating that he had paid the rent for that particular month to the mortgagee.   Thereupon the owner brings this suit.

These facts were stipulated in open court between the respective parties and the court gave judgment for the plaintiff, owner of the property.

It would perhaps have been better had the mortgage itself been printed as an exhibit in the state of the case, but, not being benefited by that exhibit, the case must be determined on the issues presented.

The defendant tenant appeals on the ground that the court erred as a matter of law in giving judgment in favor of the plaintiff under these circumstances.

There are two methods by which a mortgagee may, after default in his mortgage, acquire the right to collect rents.

First, by an appropriate action wherein the rents are collected for him through a receiver appointed by a competent court and, secondly, by taking possession of the mortgaged premises after default on the part of the mortgagor. *Cf. Bermes* v. *Kelly,* 108 *N. J. Eq.* 289; 154 *Atl. Rep.* 860; *Freedman's Saving Trust Co.* v. *Shepherd,* 127 *U. S.* 494.

Obviously, the first method was not pursued herein and need not concern us. The question is whether, under the circumstances, the mortgagee had the right to collect the rent or, to put it another way, the tenant effected a legal attornment.

In the case before us, it appears that notice of the mortgagee for rent collection was served only on the tenant. So far as the record discloses, no notice was served upon the mortgagor owner.

Attornment is an act by which a tenant acknowledges his obligation to a new landlord. At common law it never became effectual without the consent or knowledge of the landlord or by due process of law. At common law the owners could not alienate without the consent of a tenant, which consent was called an attornment, nor could the tenancy be substituted by the act of the tenant without the consent of the lord. It will be seen that mutuality of consent, either voluntary or constructive, was necessary to make out an attornment. This rigid rule was later relaxed. (*Cf. Stat. Anne* (1705), 4 and 5, *ch.* 16), when attornment ceased to be necessary to complete a voluntary conveyance. See, also, 11 *Geo. II., ch.* 19.

Much has been written in many cases, going all the way back to the old English authorities, concerning attornment. In fact, the provisions of the two statutes, above mentioned, have been written into our own Landlord and Tenant act. 3 *Comp. Stat., p.* 3076, § 26.

Our authorities agree that a mortgagee, after default, is entitled to possession. *Price* v. *Armstrong,* 14 *N. J. Eq.* 41. It is also well settled that a mortgagee, after default, may eject a mortgagor or those that hold under him, as in this case, the defendant tenant. *Cf.* cases collected in 7 *N. J. Digest, pp.* 661, 669, § 213. Now, since a mortgagee, after

default, has the right to maintain ejectment, it follows the tenant may attorn to such mortgagee in order to avoid ejectment and to keep himself in possession of the leased premises. Vice-Chancellor Van Fleet, discussing the proposition generally, says: "The mortgagee does not acquire the land as owner, but simply a right to hold it as security for his debt, and the utmost dominion that he can exercise over it is either to appropriate it or have it appropriated to the payment of his debt." *Marshall's Ex'rs* v. *Hadley,* 50 *N. J. Eq.* 547 (at *p.* 549). In the case of *Leeds* v. *Gifford,* 41 *Id.* 464 (at *p.* 469), the same vice-chancellor stated, "taking possession is simply a method of payment. It is one of the methods a mortgagee may resort to, to obtain payment of his debt."

Our Court of Errors and Appeals of this state, in an opinion by Mr. Justice Trenchard, deciding the case of *Hinck* v. *Cohn,* 86 *N. J. L.* 617, in additon to holding that after there has been a default, the mortgagee is entitled to possession, upholds his right to collect rents after he is put into constructive possession by the attornment of the tenant. *Mershon* v. *Castree,* 57 *Id.* 484; *Shields* v. *Lozear,* 34 *Id.* 496; *Sanderson* v. *Price,* 21 *Id.* 637, &c.

In *Stanton* v. *Metropolitan Lumber Co.,* 107 *N. J. Eq.* 345, the court held that the mortgage, without more, does not carry rents. "A mortgagee is not entitled to rents of the mortgaged premises accruing after default unless and until he takes possession personally or by a receiver duly appointed by the court." *Cf. Bermes* v. *Kelly,* 108 *Id.* 289; *Paramount Building and Loan* v. *Sacks,* 107 *Id.* 328; *Stewart* v. *Fairchild-Baldwin Co.,* 90 *Id.* 139, and it is also true that a mortgagor in default forfeits, not automatically, but by appropriate action on the part of the mortgagee, his right to possession and his right to collection of rents. See, also, 20 *Am. & Eng. Encycl. L.* 1009, § 3.

In the instant case, the mortgagee is not a party to the suit, the suit being between the mortgagor in default (owner) and the tenant. Whether the mortgagee in this case did take the possession, constructive or actual, of the premises which the rules seem to require, we do not pass upon. We conclude,

however, that the following provision of the Landlord and Tenant act (section 26, *supra*)—"Nothing herein contained shall extend to vacate or affect any attornment made pursuant to, or in consequence of some judgment of law, or decree or order of a court of equity, or made with the privity and consent of the landlord or landlords, lessor or lessors, *or to any mortgagee after the mortgage has become forfeited*" * * * was ample protection for the attornment of the tenant to the mortgagee. To the same effect, see 2 *Jones Mort.* § 982, where it is stated, "if the tenants under such a lease [subsequent to the mortgage] attorn to the mortgagee after a breach of the condition which gives him a right of entry, they thereby become his tenants and debar the mortgagor from recovering thereunder." Citing *Kimball* v. *Lockwood,* 6 *R. I.* 138; *Hemphill* v. *Giles,* 66 *S. Car.* 512; *Higginbotham* v. *Barton,* 11 *Ad. & El.* 315. The same question was decided in New York over a century ago. The court there arrived at the same conclusion. That case, *Jones* v. *Clark and Stewart,* 20 *Johns.* (*N. Y.*) 51, was before the Supreme Court of New York, May term, 1822, and Chief Justice Spencer, discussing the New York statute, similar to our own, a virtual re-enactment of 11 *Geo. II., ch.* 19 (at *p.* 62), stated: "The mischief which the statute was intended to remedy, was the attornment by tenants to strangers claiming title; and without the proviso, the construction of the enacting part would have admitted of no doubt. But to remove every doubt, the legislature has declaerd who were not strangers, and to whom the tenant might lawfully attorn; *he may attorn to a mortgagee after the mortgage is forfeited.* The reason of this is obvious. The mortgagee, as between himself and the mortgagor, has the right of entry, and is entitled to the possession of the premises. If, then, the tenant will do voluntarily what the law will coerce him to do, yield up the possession to the mortgagee, it is not an act injurious to the just rights of the mortgagor, nor disloyal towards him. Indeed, the rights of the tenant also require that he should be allowed to do so; for if he refuses to attorn, he at once subjects himself to eviction, and the payment of costs. * * *."

It was not denied, but frankly admitted, that the mortgage was in default; that the tenant did attorn to the mortgagee, and in so doing, his attornment, after the mortgage had become forfeited, is a bar to a recovery of rent by the mortgagor owner.

The appellee further contends that if this attornment be recognized it would be permitting the tenant to question the title of the landlord under the doctrine of *Halsey* v. *Sauer*, 79 *N. J. L.* 159; 74 *Atl. Rep.* 508. However, the tenant here does not deny his landlord's title. Rather he attorns to another as under these circumstances he is permitted to do by the statute.

The exceptions to the rule which hold that a tenant cannot deny his landlord's title are clearly set out in the case of *Shields* v. *Lozear, supra* (at *p.* 500). In that case the rule laid down by the Court of Errors and Appeals is as follows: "This attornment the tenant may lawfully make to any mortgagee after the right of the latter to possession has accrued under the mortgage, the right of attornment to any mortgagee after the mortgage has become forfeited, being excepted from the statute forbidding attornments to strangers. *Nix. Dig.* 294, § 14; *Stat.* 11 *Geo. II., ch.* 19, § 11."

The judgment under review will be reversed.