Essex County Circuit Court.

STEADFAST BUILDING AND LOAN ASSOCIATION, A COR-
PORATION, v. VICTOR PLOSKI AND LENA PLOSKI, HIS
WIFE.

STEADFAST BUILDING AND LOAN ASSOCIATION, A COR-
PORATION, v. FRANK SNYDER AND ANNIE SNYDER,
HIS WIFE.

STEADFAST BUILDING AND LOAN ASSOCIATION, A COR-
PORATION, v. JOHN W. ALLEN AND BESSIE M. ALLEN.

Decided January 5, 1934.

For the plaintiff, *Milton J. Finkelstein.*

(No appearance for the defendants.)

Smith, C. C. J. (Orally.) The court was asked to allow an
order and rule for judgment in each of the above named three
separate ejectment actions, but before so doing the court re-
quested counsel to serve a notice of such application for order
and rule on each of the defendants, attaching to the said no-
tice copy of proposed order and rule. This was done. The
defendants did not appear.

The situation in each of these three cases is identical.
There is an action by the mortgagee against the mortgagor
for ejectment, upon default in the mortgage, as set forth in
the complaint, for possession of the property. No foreclosure
proceeding was instituted prior to the commencement of the
action for ejectment.

Under paragraph 1 of an act concerning mortgages (3 *Comp. Stat., p.* 3408), the right of a mortgagee to bring an action of ejectment for the recovery of lands and estates mortgaged, is recognized, and the defendant, in such an action, namely, the mortgagor, is given the remedy, where an action, of ejectment shall be brought by any mortgagee, to pay to the mortgagee or to pay into court, the principal and the interest due on the mortgage, and costs, and such payment is to be deemed and taken to be in full satisfaction and discharge of the mortgage.

It appears, therefore, that the right of a mortgagee to bring an ejectment action for the possession of the mortgaged premises upon default of the mortgage, is recognized by our statutes. This view is supported by the decisions.

Mr. Justice Brogan (now Chief Justice), in the case of *Del New Co.* v. *James,* 111 *N. J. L.* 157 (at *p.* 159) ; 167 *Atl. Rep.* 747, says:

"It is also well settled that a mortgagee, after default, may eject a mortgagor or those that hold under him, as in this case, the defendant tenant."

Section 48 of an act concerning mortgages (3 *Comp. Stat., p.* 3421), provides that all proceedings to collect a debt secured by a bond and mortgage, shall be first to foreclose the mortgage. The late Chief Justice Beasley, referring to this section in the case of *Mershon* v. *Castree,* 57 *N. J. L.* 484; 31 *Atl. Rep.* 602, said as follows:

"The statute does not deprive a mortgagee of any right, possessed by him prior to its passage, except the right to sue on his bond before foreclosure. The regulations of the act are thus expressed; viz., 'that in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage,'" &c. *Sup. Rev., p.* 490; *Pamph. L., p.* 6.

"But a proceeding to obtain possession of the mortgaged premises is not a 'proceeding to collect the debt,' its object being to secure and protect the pledge. This is the view expressed in the books of the purpose of the mortgagee's ejectment.

"The hardship that the statute was intended to alleviate

was the seizure and sale of chattels of the mortgagor by virtue of the judgment on the bond, before·resorting to the land. No purpose is observed in it to abridge the right of the mortgagee beyond that measure. The statute must be construed strictly, as it is in derogation of the common law force inherent in a bond and mortgage."

Mr. Justice Trenchard, in *Hinck* v. *Cohn,* 86 *N. J. L.* 615 (at *p.* 617); 92 *Atl. Rep.* 373, citing *Sanderson* v. *Price,* 21 *N. J. L.* 637, says:

"The mortgagee, after default, might have maintained ejectment against the mortgagor, and those holding under him."

There is, apparently, some inconsistency in the opinions, as it appears to me. In *Mershon* v. *Castree, supra,* it is to be observed that Chief Justice Beasley said:

"But a proceeding to obtain possession of the mortgaged premises is not a 'proceeding to collect the debt,' its object being to secure and protect the pledge."

Mr. Justice Brogan (now Chief Justice), in *Del New Co.* v. *James, supra,* refers to the statement in the case of *Leeds* v. *Gifford,* 41 *N. J. Eq.* 464; 5 *Atl. Rep.* 795, of Vice-Chancellor Van Fleet, wherein the vice-chancellor said:

"Taking possession is simply a method of payment. It is one of the remedies a mortgagee may resort to to obtain payment of his debt."

It seems to me, therefore, that a remedy to obtain payment of a debt, is a "proceeding to collect a debt," and therefore section 48 of the act concerning mortgages should apply. It would seem to me, under the present economic exigencies of our times, that this should be the proper procedure to be followed, that the matter should be brought to the attention of the legislature. However, the authorities in this state at the present time, uphold the right to possession, even as against the mortgagor. See *Price* v. *Armstrong,* 14 *N. J. Eq.* 41; cases cited in 7 *N. J. Dig. Mortgages,* key ¶ 213; *Marshall's Executors* v. *Hadley,* 50 *N. J. Eq.* 547; 25 *Atl. Rep.* 325; *Slanton* v. *Metropolitan, &c.,* 107 *N. J. Eq.* 345, 348; 152 *Atl. Rep.* 653.

Therefore, the court must necessarily grant the orders.