## ISAAC ABRAMSON, PLAINTIFF, v. BELLA HEYMAN ET AL., DEFENDANTS.

Decided February 23, 1934.

For the plaintiff, *Insley, Vreeland & Decker.*

For the defendants, *Abner W. Feinberg.*

BROWN, S. C. C. The defendants move to strike out the complaint filed in the above entitled cause on the grounds that it does not set forth a cause of action and that the action was instituted prematurely. The complaint charges that one Max and his wife being indebted to the New Jersey Title Guarantee and Trust Company in the sum of $10,000 executed to that company a bond conditioned for the payment of the indebtedness. To secure the payment of the bond Max and his wife executed to the title company a mortgage bearing even date with the bond. The title company assigned the bond and mortgage to the plaintiff. On September 9th, 1927,

it is alleged that Nathan Feinberg and Jacob Heyman, who were at that time owners of the mortgaged premises, entered into a written stipulation for the extension of time within which to pay the indebtedness of $10,000 and in that agreement of extension the defendants Feinberg and Heyman agreed to pay the indebtedness according to "the other covenants and conditions of the mortgage and bond secrued thereby to remain in force, which the said owners hereby on their own behalf and that of their heirs and legal representatives assume and agree to abide by and perform."

Jacob Heyman died testate and appointed in his last will and testament as executors the defendants Bella Heyman, Samuel Heyman, Isaac Heyman and Nathan Feinberg. Plaintiff claims the sum of $9,000 together with interest as due and owing on the bond and mortgage. The plaintiff presented to the executors a verified claim for the amount claimed to be due and the defendants disputed the claim and refused to pay. The defendants contend in their motion to strike that the plaintiff had no cause of action for the indebtedness except as might arise upon a deficiency after a foreclosure sale of the mortgaged premises as required by section 48 of the Mortgage act (3 *Comp. Stat.* 1910, *p.* 3421), and that the complaint in this cause does not disclose that the mortgage was first foreclosed and a sale of the mortgaged premises effected. The plaintiff contends that the motion should fail first because the motion is in the nature of a general demurrer and questions presented must be determined from matters disclosed in the complaint. It is also contended by the plaintiff that a suit upon a bond will lie against an estate without a previous foreclosure of the mortgage and that the present action is not a suit on a bond but is a suit on a collateral agreement.

The statutory defense that is attempted to be asserted on the motion to strike is properly a matter of defense and should be made the subject-matter of a plea. *Callan* v. *Bodine,* 81 *N. J. L.* 240; *79 Atl. Rep.* 1057; *Knabe* v. *Hudson Bus Transportation Co.,* 111 *N. J. L.* 333; *168 Atl. Rep.* 418. Under the authority of *Weatherby* v. *Weatherby's Ex'rs,* 63 *N. J. L.* 445; *43 Atl. Rep.* 683, it was decided

that if, under order to limit creditors, a verified claim on the bond of a deceased obligor is presented to his legal representatives and they serve notice disputing the same, a suit may be brought on the bond, without first foreclosing an accompanying mortgage, notwithstanding the statutory requirement that in all cases where a bond and mortgage shall be given for the same debt, all proceedings to collect said debt shall be first to foreclose the mortgage, and after sale, then to proceed on the bond for deficiency. It appears by the complaint that the plaintiff has presented his verified claim to the executors of the obligor and that they have disputed the claim and refused to pay. In the Weatherby case the motion to strike out was denied and that will be the order in the case *sub judice.*