### Camden County Court of Common Pleas.

EDWARD F. HEMMINGER, PLAINTIFF-APPELLEE, v. FRED KLAPRATH, DEFENDANT-APPELLANT.

Decided January 26, 1937.

For the defendant-appellant, *Edwin Field Crane.*

For the plaintiff-appellee, *W. Louis Bossle.*

NEUTZE, C. P. J. From a verdict and judgment in favor of the plaintiff against the defendant, rendered before one of the Justice of Peace Courts in Camden county, the defendant appeals. The facts in the appeal are stipulated and are not in dispute.

It appears that as of February 7th, 1934, the plaintiff, Edward F. Hemminger, was the owner of a house which was encumbered by a first mortgage held by the Metropolitan Life Insurance Company. The defendant occupied the premises as the tenant of the plaintiff, on a month to month tenancy and paid the plaintiff the sum of $30 a month payable in advance on the first of the month. On February 7th, 1934, the mortgagee, through its mortgage loan correspondent notified the defendant that the plaintiff's mortgage was in default and that future payments of rent were to be made to the

agent, of the mortgagee, named in the letter. On the same day the mortgage loan correspondent sent a letter to the plaintiff informing him that they had attached all rents, issues and profits which were due and payable on that day and from thenceforth on from the premises in question because of the default.

The defendant paid no rent to the plaintiff for the month of March or April, 1934, but neither did he pay such rent, when due, to the agent of the mortgagee.

The plaintiff started his suit April 6th, 1934, upon which this appeal is based, against the defendant for two months rent due when suit was commenced. On April 13th, 1934, the defendant paid $60, representing the two months rent, to the agent of the mortgagee. On April 23d, 1934, the plaintiff secured a judgment against the defendant for $60 and costs. It is from this judgment that the appeal emanates.

The law is well settled that a tenant may attorn to a mortgagee, who holds a mortgage in default, and pay such a mortgagee the rent without fear of being compelled to pay the rent a second time, to the owner-mortgagor (*Del-New Co.* v. *James,* 111 *N. J. L.* 157; 167 *Atl. Rep.* 747; Landlord and Tenant act, 3 *Comp. Stat., p.* 3076, § 26); but a tenant cannot with impunity pay to such a mortgagee rents which have accrued and become payable prior to the attornment. *Sanderson* v. *Price,* 21 *N. J. L.* 637.

The issue before us, therefore, narrows itself down to the ascertainment as to when the defendant in this case attorned to the mortgagee. "Attornment is an act by which a tenant acknowledges his obligation to a new landlord." *Del-New Co.* v. *James, supra* (at *p.* 748). We find the word "attorn" defined by 1 *Bouv.* (8*th ed.*) 281, means "to turn over; to transfer to another money or goods; to assign to some particular use or service." It is apparent that attornment by a tenant to a new landlord or a mortgagee requires an overt act on the part of the tenant before it can be said that the tenant has attorned. The defendant in this case did not pay over the money representing the rent already due, to the agent of the mortgagee until April 13th, 1934, which was a date subsequent to the date upon which the plaintiff started suit, namely April 6th,

1934, for rent past due and which was then a debt running from the defendant to the plaintiff, as the tenant had not attorned to anyone else when the rent became due. Though rents are an incident to the reversion of land, rents already accrued are personalty and not to be treated as realty so as to belong to someone coming into possession of the land at a later date. This principle is clearly illustrated in those cases where a tenant owes rent and the landlord dies. The accrued rent is payable to the personal representative of the decedent and not to the heirs of the decedent.

The reason for allowing a tenant to attorn to the mortgagee rests upon the ground that after default the mortgagee could bring ejectment and the tenant may retain possession by paying the mortgagee an agreed sum in lieu thereof. The payments are not based upon the lease between the mortgagor and the tenant but rather so that the mortgagee shall not treat the tenant as a trespasser. Therefore as to any rents accruing subsequent to the attornment the tenant is protected. However the mere default on the part of the mortgagor does not entitle the mortgagee to the rents. There are two methods by which a mortgagee of a mortgage in default may secure the rents of the property. He may have a receiver appointed by the court or may take possession personally, either through ejectment or by having the tenant attorn to him. *Stanton* v. *Metropolitan Lumber Co.,* 107 *N. J. Eq.* 345; 152 *Atl. Rep.* 653; *Bermes* v. *Kelley,* 108 *N. J. Eq.* 289; 154 *Atl. Rep.* 860; *Paramount Building and Loan* v. *Sacks,* 107 *N. J. Eq.* 328; 152 *Atl. Rep.* 457; *Stewart* v. *Fairchild-Baldwin Co.,* 91 *N. J. Eq.* 86; 108 *Atl. Rep.* 301. But the mortgagee cannot be said to be in possession by merely giving the tenant notice of the default in the mortgage. In the case of *Sanderson* v. *Price, supra,* the court held that a tenant was not liable for *mesne* profits to a mortgagee from the time of notice of default nor from the time of service upon the tenant of a declaration in ejectment but only from the time of actual entry by the mortgagee. In the case of *Stewart* v. *Fairchild-Baldwin Co.,* 91 *N. J. Eq.* 86; 108 *Atl. Rep.* 301 (at *p.* 302), Mr. Justice Trenchard said: "The mortgagee after breach of condition, having a title in the mortgaged premises pos-

sessing all the incidents of a common law title, and only subject to be divested by the equitable proceeding to redeem, and having the right to possess the property has the right, *from the date of taking such possession,* to the profits arising from the estate." (Italics mine.) The court further said: "Since a mortgagee taking possession of mortgaged premises is not entitled to rents accrued before the date of taking possession, it follows that a receiver is not." Up to the time of taking possession either actually by the mortgagee or by attornment of the tenant to the mortgagee, the mortgagor is entitled to the rents accrued. *Hinch* v. *Cohn,* 86 *N. J. L.* 615; 92 *Atl. Rep.* 378; *Badaracco* v. *Gatti Paper Stock Corp.,* 114 *N. J. Eq.* 551; 169 *Atl. Rep.* 281; *Kenney* v. *149 North Avenue Corp.,* 115 *N. J. Eq.* 314; 170 *Atl. Rep.* 822.

The defendant was indebted to the plaintiff for two months rent when suit was commenced and the defendant may not defeat plaintiff's ownership to the debt by paying the mortgagee.

Judgment of the justice of the peace affirmed.