In the Matter of the Application of the CITY OF NEW YORK Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Opening and Extending of 43rd Avenue (Grout Avenue-Percy Street) from 57th (4th) Street to 63rd Street (Trimble-Greenpoint Avenue); 61st Street (Cameron Terrace) from 43d (Grout) Avenue to Woodside Avenue, and 62nd Street (Whittier Place) from 43rd (Grout) Avenue to Woodside Avenue in the Borough of Queens, City of New York, as Amended by an Order of the Supreme Court of the State of New York, Second Judicial District, Dated November 13, 1928, and Entered in the Office of the Clerk of the County of Queens November 14, 1928, so as to Provide for the Acquisition of Title to the Real Property Required for the Opening and Extending of 43d Avenue (Grout Avenue-Percy Street) from 57th (4th) Street to 63d Street (Trimble-Greenpoint Avenue), 61st Street (Cameron Terrace) from 43d (Grout) Avenue to Woodside Avenue, and 62d Street (Whittier Place) from 43d (Grout) Avenue to Woodside Avenue, in the Brorough of Queens, City of New York, as the Said Street is Now Laid Out upon the Map or Plan of The City of New York, in Accordance with the Resolution of the Board of Estimate and Apportionment Adopted on May 24, 1928. THE CITY OF NEW YORK, Appellant; HARBRO HOLDING COMPANY, INC., Respondent.— Proceeding for the acquisition of title to real property required for the opening and extending of 43rd avenue (Grout avenue-Percy street). Decree, in so far as an appeal is taken therefrom in respect of Damage Parcel No. 12, modified by inserting therein a provision that when the city pays the award to the mortgagee Harbro Holding Co., Inc., it shall have an equitable lien therefor upon the mortgaged premises not taken, by way of subrogation to the rights of the mortgagee, to extent indicated; and, as so modified, affirmed, without costs. The city was entitled to such subrogation under *Matter of City of New York (Braddock Ave.)* (278 N. Y. 163, 174). The rights of the parties are determined as of the day the city vested title in the land taken, to wit,

November 2, 1927. On that day the then mortgagee Law became entitled to the subsequently fixed $1,500 damage award. When the mortgage held by Law was assigned to the Harbro Holding Co., Inc., on February 28, 1928, that corporation became entitled to the award by way of application to the payment of the mortgage. When the mortgagee Harbro Holding Co., Inc., took title to the fee on April 11, 1929, by deed from the then fee owner Woodris Realty Corporation, it accepted that fee subject to the outstanding right of the city, of which it had imputed or actual knowledge, to an equitable lien upon that fee by way of enforcing the condition which attached *sua sponte* to the payment of the award of $1,500 to the mortgagee. The doctrine of merger of a lesser estate or interest with a greater estate will not be permitted to work an injustice. A merger does not occur " unless  *  *  * justice and equity require it." (*Asche* v. *Asche*, 113 N. Y. 232, 236; *Rae Company* v. *Courtney*, 250 id. 271, 274.) This view enforces the principle implicit in the doctrine that " when land is taken for public use, the damages awarded are to take the place of the land in respect to all the rights and interests which were dependent upon and incident to it." (*Utter* v. *Richmond*, 112 N. Y. 610, 613; *Matter of City of New York* [*Houghton Ave.*], 266 id. 26; *Matter of City of N. Y.* [*Neptune Ave.*], 271 id. 331.) Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.