Mob Hyman, Plaintiff, *v.* Elizabeth A. Fischer et al., Defendants.

Supreme Court, Special Term, Queens County, December 14, 1944.

*Henry Loeb Mostow* for plaintiff.

*John B. Fitzpatrick* for Felix Oliva, defendant.

*Nathaniel L. Goldstein, Attorney-General (Hyman Mintz* of counsel), for People of the State of New York, defendant.

*Ignatius M. Wilkinson, Corporation Counsel (Morris R. Weitzer* of counsel), for City of New York, defendant.

UGHETTA, J. In an action to foreclose a transfer of tax lien for unpaid real property taxes, etc., plaintiff moves for summary judgment.

The only defendant who has answered is one Oliva who has a leasehold interest.

On or about November 22, 1939, the City, at public auction, purchased the tax lien on the real property in question for non-payment of taxes which had accrued prior to February 11, 1937. Thereafter, on February 11, 1944, the City sold and transferred such lien to plaintiff. On April 3, 1944, the amount of the tax lien being then unpaid and in default, and there being defaults as well in interest and subsequent taxes (see Administrative Code of City of New York, § 415[1]–36.0 *et seq.;* L 1937, ch. 929) plaintiff filed a *lis pendens* in the instant action, subsequently serving the defendants therein. On April 3, 1944, the plaintiff had a conversation with defendant Fischer and the latter agreed to sell a deed of the premises for $250. A contract to that effect was made the same day between plaintiff and the said Elizabeth Fischer. The same date plaintiff assigned such contract to his wife, Shirley Hyman, and the following day such deed to her was executed and delivered. The moving papers recite that the consideration was actually paid by such grantee and the opposing papers present nothing to controvert this, except by way of defendant's inference. The said Shirley Hyman on or about April 15, 1944, notified the tenant, Oliva, of her acquisition of the property and he subsequently paid the rent to her.

Whatever issues may in fact exist, it appears are contained in five affirmative defenses and the counterclaim in defendant

Oliva's answer to the amended complaint. The general denials of such complaint allegations present no issues in view of the provisions of section 415(1)–40.0 of the Administrative Code of City of New York, in the absence of affirmative proof offered by the opposing defendant to overcome the presumptions established by the records.

It is defendant's claim that the arrangement whereby plaintiff's wife acquired the premises as aforesaid and subsequently failed to cure the defaults and permitted them to continue was made expressly to wipe out his lease. He contends that the wife, being merely a dummy in the transaction, plaintiff actually acquired the premises, whereupon his interest as holder of the transfer of tax lien was merged in the fee (first defense); that plaintiff being thus " the beneficial owner of said premises " became the actual and acknowledged landlord of the tenant-defendant, is bound by the covenant of quiet enjoyment contained in the lease, and is estopped to interfere therewith (second defense); that plaintiff, being the owner of the premises as aforesaid, was primarily liable for the payment of the principal and interest of the transfer of tax lien herein and the satisfaction of the other defaults alleged with respect thereto (third defense); that such defaults as claimed were actually, under the circumstances, collusive (fourth defense); and that the aforesaid lease gave the tenant-defendant the privilege of making substantial structural improvements to the leased premises which were to revert to the landlord at the conclusion of the term, that the tenant anticipating the enjoyment of his full term under the lease actually made such improvements and that " the plaintiff herein by reason of the foreclosing of the leasehold of this defendant, and by depriving this defendant from obtaining the use and enjoyment of the improvements made in the leased premises, has damaged the defendant in the sum of $700 " (fifth defense and counterclaim).

It is the contention of the plaintiff that his wife, not he, is the actual owner of the premises, but that assuming that he himself had acquired same there would have been no merger. In such contention plaintiff is, in my opinion, correct. Merger is a blending of estates, the lesser in the greater. " It is a general rule, subject to exceptions, in actions at law, that when different estates coincide and meet in the same person the lesser is merged in the greater. (*Sheldon* v. *Edwards,* 35 N. Y. 279.) The doctrine of merger has never been favored in equity and there the estates will be held to be separate when justice requires it and such was the intention of the parties " (*Dunkum*

v. *Macheck Building Corp.*, 256 N. Y. 275, 281; *Matter of City of New York* [43d Ave.], 256 App. Div. 982, 983; *Clift* against *White*, 12 N. Y. 519, 526, 527). Plaintiff's right as possessor of a transfer of tax lien was not an estate but a mere right to satisfaction of a lien.

This defense, therefore, as I see it, is insufficient and presents no triable issue.

As to the second defense, even assuming that plaintiff was the landlord and that the covenant would be otherwise applicable, it does not appear that defendant's possession of the premises has as yet been interfered with, and it may not be.

" The covenant for quiet enjoyment goes only to the possession — not to the title. (*St. John* v. *Palmer*, 5 Hill 599; *Fowler* v. *Poling*, 6 Barb. 165.) Mere apprehension of eviction created in a tenant's mind by a judgment of foreclosure under a mortgage prior to his lease, is not legally sufficient to warrant him in fleeing from the demised premises, and in claiming damages as in case of actual ouster. Change of title to the leased premises is not of itself necessarily inconsistent with a tenant's peaceable possession " (*Mason* v. *Lenderoth*, 88 App. Div. 38, 40).

Moreover, the sale herein sought is for a default in taxes and defendant's lease, and the covenants therein were expressly made subject to " unpaid taxes * * * and any right that may be enforced thereunder " (section 27 thereof). Enforcement of the covenant even as against the original landlord and covenantor was likewise, by the terms of the lease, conditioned upon the latter's retention of title.

In my opinion, the second defense presents no triable issue.

The third defense, as stated, is that it was incumbent on plaintiff as actual owner and landlord to pay taxes and arrears and that he may not institute this action occasioned by his own default in that respect. Such defense again is based upon the premise that plaintiff, not his wife, is the actual owner; but even so, plaintiff would be under no duty to cure such defaults for the benefit of this defendant, barring a contract obligation so to do. But the lease itself, assuming that it bound plaintiff in any way, contained no such obligation, but on the contrary, as shown, exempted the landlord from such requirement.

The third defense therefore presents no issue.

The fourth defense is collusion. But as plaintiff points out, " There can be no collusion where parties simply exercise a legal right or refrain from doing what they are not legally bound to do " (cf. *Posner* v. *Greenspan*, 261 App. Div. 979).

The fifth defense and counterclaim deals with defendant's right to recover damages for permanent improvements which he has installed. Such asserted right rests upon the premise that plaintiff's recovery in this action will necessarily terminate defendant's continuance, which is an assumption and merely a possibility. Again, and apart from all other considerations, any obligation of plaintiff would stem from the lease and the tenancy thereunder was made expressly subject to the legal hazard of a tax foreclosure. The liability for unpaid taxes antedating the sale of the property was created by the former owner, and such liability would, in any event, give rise to no claim against her grantee (see Real Property Law, § 223).

For the foregoing reasons the motion to strike out the answer and for summary judgment is granted.