E. Willard HYDE, Appellant,

v.

Willy BRANDLER, Appellee.

No. 1685.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 27, 1955.

Decided Nov. 22, 1955.

---

6. Thurston v. Anderson, D.C.Mun.App., 40 A.2d 342.

Herman Miller, Washington, D. C., for appellant.

Donald Cefaratti, Jr., Washington, D. C., with whom W. Edwin Cumberland, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellee, plaintiff below, was the owner of an office building in which appellant held office space under a term lease. It was stipulated that the rent was $300 per month, payable in advance on the first day of each month; that appellant had not paid the rent for August 1950; that payments on the note secured by a deed of trust on the property were in default prior to and on August 1, 1950; that on August 15, Mrs. Katherine B. Markwood, the holder of the note (but not a party to this action), caused the trustees to foreclose and became the new owner. Upon her demand, appellant paid his August rent in the latter part of the month, and has continued to occupy the property without interruption as he has been holding under an unexpired lease for years, in writing, antedating the deed of trust.[1] A finding and judgment was entered for the plaintiff and this appeal followed.

Appellant assigns as error the court's holding that the foreclosure of the deed of trust and the conveyance of the property on August 15, 1950, did not operate as a breach of the implied covenant of quiet enjoyment and that the damages for such breach equaled the rent for the month of August. The trial court found that the foreclosure sale was not a breach of the covenant of quiet enjoyment; that the rent was due and payable on August 1; that payment of the rent on August 28 to the new owner was made by appellant at his own risk; and that the new owner was only entitled to recover rents accruing after the sale. We are of the opinion that the trial court was correct.

Before determining whether there was a breach of the covenant of quiet enjoyment we must first decide whether this covenant was dependent upon appellant's covenant to pay rent, since it was conceded that he had failed to pay the rent for the month of August. As a general rule, the covenant for quiet enjoyment is held to be independent of the lessee's covenant to pay rent,[2] and especially is this the rule where the terms of the lease, such as we have here, merely give the lessor the right at his option to terminate and end the lease for non-payment of rent.[3]

It has been decided that a foreclosure sale of leased premises does not constitute a breach of the landlord's covenant for quiet enjoyment[4] since such cove-

1. Code 1951, § 45–822.

2. Laveites v. Gottlieb, 115 Misc. 218, 187 N.Y.S. 452; see also 51 C.J.S., Landlord and Tenant, § 323b(1).

3. Standard Livestock Co. v. Pentz, 204 Cal. 618, 269 P. 645, 62 A.L.R. 1239.

4. John R. Thompson Co. v. Northwestern Mut. Life Ins. Co., D.C., 31 F.Supp. 399,

nant, whether expressed or implied, goes only to the possession, not to the title, and a change of title to the leased premises is of itself not inconsistent with the lessee's peaceable possession.[5] The covenant is not broken unless there is an eviction from, or some actual disturbance in, the possession by the landlord or by some third person under paramount title.[6] Appellant argues that when the new owner made demand for the August rent, he was faced with a constructive eviction which was brought about by the plaintiff's being in default of the payments on the mortgage. This contention is not sound. We note that his leasehold interest was paramount to the deed of trust since it antedated it, and therefore the new owner took subject to it. Further, the record reflects that appellant has remained in possession of the premises without interruption under the same conditions and terms of the original lease.

 Thus, there remains the question of whether appellant was liable to plaintiff for the rent which was due in advance on August 1. It is the rule in this jurisdiction that where a mortgagor is permitted to remain in possession of the property, he is entitled to the rents even after default and even though the land, when sold, would be insufficient to pay the debt.[7] This rule grows out of the fact that it is only the property itself, and not the rents and profits, which is pledged in the absence of the appointment of a receiver or any court order to the contrary. But this rule applies only to those rents which have accrued prior to the foreclosure and sale of the mortgaged premises. Accrued rents are personalty and are not an incident to the reversion which would pass to the purchaser at the foreclosure sale.[8] We hold, in accordance with decided authority, that the rent accrued on its due date, that is, when it became due and payable.[9] Therefore, the rent had accrued prior to the sale and conveyance and belonged to the plaintiff.

Affirmed.

affirmed 6 Cir., 108 F.2d 1014; Mason v. Lenderoth, 88 App.Div. 38, 84 N.Y.S. 740.

5. John R. Thompson Co. v. Northwestern Mut. Life Ins. Co., supra; Hyman v. Fischer, 184 Misc. 90, 52 N.Y.S.2d 553.

6. John R. Thompson Co. v. Northwestern Mut. Life Ins. Co., supra; Self Service Furniture Fair v. 450 Realty Corp., Sup., 114 N.Y.S.2d 774.

7. Totten v. Harlowe, 67 App.D.C. 132, 90 F.2d 377, 111 A.L.R. 726.

8. Hemminger v. Klaprath, 189 A. 363, 15 N.J.Misc. 163.

9. New Order Building & Loan Ass'n v. 222 Chancellor Ave., 106 N.J.Eq. 1, 149 A. 525; Fahrenbraker v. E. Clemens Horst Co., 209 Cal. 7, 284 P. 905; Loomis v. Shriner, 165 Mo.App. 25, 145 S.W. 865.