**In re 1726 WASHINGTON, D.C. PARTNERS, Debtor.**

**Bankruptcy No. 90–00231.**

United States Bankruptcy Court, District of Columbia.

Aug. 30, 1990.

Paul Silverman, for debtor.

## DECISION RE MOTION OF MORTGAGEES CONCERNING DEBTOR'S USE OF RENTS AS CASH COLLATERAL

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The Joint Motion Pursuant to 11 U.S.C. § 363(e) of TNE Funding Corporation ("TNE") and Century Pension Income Fund XXIII ("Century") to Prohibit Debtor's Use of Cash Collateral must be denied. The debtor operates an office building in the District of Columbia pursuant to a long-term ground lease. TNE and Century, the debtor's mortgagees, hold debts for loans to the debtor that are secured by deeds of trust against the debtor's leasehold interest. Alleging that the rents the debtor collects from its tenants constitute cash collateral, they seek an order requiring the debtor to segregate and account for the rents (see 11 U.S.C. § 363(c)(4)) and prohibiting the debtor's use of the rents except as authorized by this Court (see 11 U.S.C. § 363(c)(2) and (e)).

After the Court heard TNE and Century's evidence in support of their motion, the debtor orally moved for dismissal of TNE and Century's joint motion pursuant to F.R.Civ.P. 41(b), made applicable by Bankruptcy Rules 9014 and 7041, on the ground that on the facts and law TNE and Century had shown no right to relief. The debtor's motion is well taken. This decision sets forth the findings required by F.R.Civ.P. 41(b) in granting dismissal.

The deed of trust securing TNE granted it a security interest in the rents. TNE and Century both obtained assignments of rent, assigning the debtor's rents to TNE and Century but authorizing the debtor to collect the rents until it defaulted under the loans. The debtor was in default on both loans and had been so notified when it filed its petition.

Characterizing their rights as "absolute security interests," TNE and Century argue that they had perfected security interests when the debtor filed the petition commencing this case. This contention is rejected. *In re 1301 Connecticut Avenue Associates*, 117 B.R. 2, 6–7 (1990). Nor does the filing of a notice of perfection under the second sentence of 11 U.S.C. § 546(b) by itself perfect. To have a perfected security interest in rents a mortgagee must first obtain possession of the premises either by consent or by the appointment of a receiver. *Id.* at 8, quoting *Hardee v. American Security & Trust Co.*, 77 F.2d 382 (D.C.Cir.), *cert. denied*, 296 U.S. 595, 56 S.Ct. 110, 80 L.Ed. 421 (1935). The entitlement to appointment of a receiver is not a foregone conclusion, and a showing to that effect must be made

before the second sentence of 11 U.S.C. § 546(b) is applicable. *Id.* at 19–20. Here the mortgagees have not sought appointment of a receiver. The mortgagees presently have only an inchoate interest in the debtor's rent collections. Rents collected before that interest is perfected will not be subject to the security interest. *Id.* at 8; *Hyde v. Brandler*, 118 A.2d 398 (D.C.1955). It follows that the debtor's current use of rents is not subject to the rules of 11 U.S.C. § 363 pertaining to "cash collateral" because 11 U.S.C. § 363(a) requires that another entity besides the estate have an interest in the rents in order for them to be cash collateral.[1] Because the rents the debtor is using are not "cash collateral," the mortgagees' motion must fail.

---

1. Looking at it differently, the security interest in rents already collected would be ineffective against an execution creditor and hence avoidable under 11 U.S.C. § 544(b). Because the District of Columbia does not permit retroactive perfection as to past rents, the mortgagees may not use 11 U.S.C. § 546(b) to override § 544(b) as to such past rents. Because the security interest in past rents is avoidable under § 544(b), the security interest does not qualify under 11 U.S.C. § 552(b) as a security interest entitled to have post-petition effectiveness in such past rents. Thus, under 11 U.S.C. § 552(a) such rents are not subject to the inchoate lien resulting from the lenders' pre-petition security agreements. It is a more accurate and simpler analysis to hold, as in the text, that once a rent has been collected by the debtor without the lender having perfected its security interest, the inchoate security interest in such rents simply ceases to exist as a matter of District of Columbia law.