ERNEST C. HINCK, PLAINTIFF AND APPELLANT, v. MILTON L. COHN, DEFENDANT AND RESPONDENT.

Submitted July 10, 1914—Decided November 16, 1914.

1. A tenant of the mortgagor under a lease executed subsequently to the mortgage, upon which mortgage default has been made by attornment and payment of the rent accruing subsequently to the mortgagee, disentitles the mortgagor from recovering such rent from the tenant.

2. Where, in an action for rent, the defendant had judgment because it appeared that he had rightfully attorned and paid to the mortgagee, such judgment will not be reversed merely because in his pleading the defendant described the person to whom payment was made as "the owner of the reversion," when it appeared from the pleadings that such person was also the mortgagee.

On appeal from the Essex County Circuit Court.

For the appellant, *Robert M. Boyd, Jr.*

For the respondent, *Edwin B. Goodell.*

The opinion of the court was delivered by

TRENCHARD, J. This is the plaintiff's appeal from a judgment for the defendant. The judgment was entered in the court below after it had been stipulated that the facts set forth in the pleadings were to be taken as true.

From such pleadings the following facts appear:

The plaintiff, Ernest C. Hinck, brought suit on a lease, in writing, wherein he is the landlord, and the defendant, Milton L. Cohn, is the tenant, to recover the rent for the month of September, 1913, payable in advance. Prior to the execution and delivery of such lease Hinck had executed and delivered to Athenia T. Simpson a mortgage covering the demised premises. During the term of the lease Hinck defaulted on the mortgage, and Simpson instituted foreclosure proceedings. On June 27th, 1913, a decree was entered therein whereby Hinck was debarred and foreclosed of and from all equity of redemption in the demised premises. On August 26th, 1913, the mortgaged premises were lawfully sold by the sheriff of the county of Essex to the mortgagee, Athenia T. Simpson, by virtue of an execution issued out of the Court of Chancery in such foreclosure proceedings. On September 2d, 1913, Cohn paid the rent for September to Athenia T. Simpson. On September 6th, 1913, the sale was duly confirmed by the Court of Chancery. On September 17th, 1913, this suit was begun, and on September 25th, 1913, the deed was delivered to the purchaser.

We have now to consider whether, in such circumstances, the attornment and payment of rent by the tenant to Simpson, the mortgagee, constitutes a defence to this action.

We are of opinion that the court below properly held that it did.

It appears that the lease declared upon was made after the

mortgage, and that the mortgagor had defaulted. The mortgagee, therefore, upon such default, had the right of possession of the premises. *Mershon* v. *Castree*, 57 *N. J. L.* 484; *Shields* v. *Lozear*, 34 *Id.* 496; *Sanderson* v. *Price*, 21 *Id.* 637; *Hart* v. *Stockton*, 12 *Id.* 322; *Price* v. *Armstrong*, 14 *N. J. Eq.* 41. Of course, the decree of foreclosure and sale of the mortgaged premises to the mortgagee did not deprive him of that right. *Hart* v. *Stockton, supra.* The mortgagee, after default, might have maintained ejectment against the mortgagor and those holding under him. *Sanderson* v. *Price, supra, note (a).* In this situation the tenant acknowledged the rights of the mortgagee, and put him in constructive possession by attornment and payment to him of the rent accruing subsequently. This the tenant had a right to do, and his attornment and payment is a good defence to an action by the mortgagor for such rent. The contrary doctrine was laid down in *Souders* v. *Van Sickle*, 8 *N. J. L.* 313, but that case was reversed in this court upon that very ground. See *Sanderson* v. *Price, supra.* It will be observed, also, in connection with this, that section 26 of our Landlord and Tenant act (*Comp. Stat., p.* 3076) expressly provides that "nothing herein contained shall extend to vacate or affect any attornment made * * * to any mortgagee after the mortgage has become forfeited."

It is true that it is stated in the answer that the defendant paid the rent "to the said Athenia T. Simpson, the owner of the reversion of said demised premises." But we think that it is immaterial on this appeal that Simpson was therein described as "the owner of the reversion," since it also appears therein that she was the mortgagee of the defaulted mortgage and so had a status which made attornment and payment to her proper. As soon as the tenant had rightfully attorned to and paid the mortgagee, the right of the mortgagor to collect the rent ceased. Of course, the reason is that if the tenant rightfully attorned to the mortgagee it amounted to an eviction by paramount title. Since the mortgagor is the plaintiff suing for the rent, he must recover by his own right, and not by the weakness of the claim of the purchaser at the sheriff's sale. If the mortgagor had no right to collect the rent, it

makes no difference whether the tenant paid it to the right person or not, or whether his pleadings set up a payment to the right person or not.

The judgment below will be affirmed, with costs.

*For affirmance*—The Chancellor, Garrison, Swayze, Trenchard, Bergen, Black, Bogert, Heppenheimer, Williams, JJ.   9.

*For reversal*—The Chief Justice, Parker, Minturn, Kalisch, Vredenburgh, Terhune, JJ.   6.