BENJAMIN H. KAUFMAN, RESPONDENT, v. ELMA MENNEN WILLIAMS AND OTHERS, APPELLANTS.

Argued March 7, 1918—Decided June 17, 1918.

A lessee deposited cash with the lessor as security for the performance of all the covenants and conditions of the lease. The lessor conveyed the land, and with the consent of the lessee, paid over the deposit to the grantee who made an express agreement with the lessee to hold the deposit in accordance with the terms and conditions of the lease. The grantee subsequently conveyed, subject to the lease. Whether, in the settlement between the parties to this conveyance, the deposit reached the hands of the new grantee or remained in the hands of the first grantee was a disputed question; the lessee upon the termination of his lease

sued for the deposit. *Held,* that the deposit was a pledge; and that the first grantee was liable to the lessee therefor under the express agreement; and that the second grantee was liable only in case the deposit had reached her hands.

On appeal from the Essex Circuit Court.

Charles J. Basch, as landlord, and Benjamin H. Kaufman, as tenant, entered into a lease of property owned by Basch, which recited that the tenant had deposited with the landlord upon delivery of the lease $5,000 as security for the performance of all its covenants and conditions. It was thereby agreed that, if the tenant paid the rent and performed the conditions and covenants, the landlord would return the deposit to the tenant upon the termination of the lease, and that interest thereon should be paid semi-annually to the tenant. One provision of the lease was that the term "landlord" should be construed as meaning Basch, "his executors, administrators or assigns;" that the term "tenant" should be construed as meaning Kaufman, "his executors, administrators or assigns." Another provision was that the covenants contained in the lease were binding on the parties thereto and their successors in interest. Basch conveyed the property in fee to Meyer, subject to "all stipulations, agreements and covenants which..................now are obligatory upon the owner or now owners of said premises;" and subject further to the Kaufman lease. Meyer, within a month thereafter, entered into an agreement under seal with Kaufman by which he assumed the lease and all the terms thereof, acknowledged the receipt of $5,000 from Basch, pursuant to the terms of the lease, and agreed to hold that sum as a deposit in accordance with the terms and conditions of the lease. Thereafter Meyer conveyed to Elma C. Mennen in fee, subject to all existing leases and tenancies, specifying the Kaufman lease. This deed contained the same provision as to stipulations, agreements and covenants, which "now are obligatory upon the owner or now owners of said premises." Meyer continued, notwithstanding his deed to Mennen, to pay Kaufman the semi-annual interest on the

$5,000 for four years thereafter, including each semi-annual installment that came due during Mrs. Mennen's life. She died October 25th, 1916. Elma Mennen Williams and William Gerhard Mennen are her executors, and also her residuary devisees. The property in question was devised to them. Kaufman paid the rent until three months before the expiration of his term. The rent for the last three months he has not paid. This suit is brought by him against Meyer, Mrs. Williams and Mr. Mennen as executors of Elma C. Mennen and as individuals. He claims judgment in the alternative against Williams and Mennen, as executors or as individuals, in the sum of $2,500 (the $5,000 deposit, less the unpaid rent), or against Meyer in the sum of $5,000. The trial judge directed a verdict in favor of Meyer and against Williams and Mennen, as individuals, for $2,500 and accrued interest.

For the respondent, Benjamin H. Kaufman, *Samuel F. Leber*.

For Joseph Meyer, respondent, *Jacob Fischel* and *Wilbur A. Heisley*.

For the appellants, Edna Mennen Williams and William Gerhard Mennen, *Scott German*.

The opinion of the court was delivered by

SWAYZE, J. The trial judge held that Williams and Mennen were liable as individuals by reason of the provisions of the lease. This could only be if the covenant to return the deposit was a covenant running with the reversion. On no other theory could Williams and Mennen be held liable on Basch's covenant. We think there was a misconception of the legal situation. The true state of the case is that $5,000 was pledged with the landlord as security for the rent. The covenant to repay the deposit did not change its character. It remained a deposit by way of pledge. Later Meyer, the then landlord, and Kaufman, the tenant, entered into a new

agreement, either assenting or authorizing the transfer of the pledge by Basch to Meyer, and this transfer was made. Thereby the pledgor substituted Meyer for Basch as pledgee, and Basch having parted with the pledge with the assent of all parties in interest was discharged from further liability. Meyer became liable to Kaufman on his agreement to hold the deposit in accordance with the terms and conditions of the lease, and no contract or conveyance by Meyer without Kaufman's consent could deprive the latter of his rights. When Meyer subsequently conveyed to Mrs. Mennen, he remained a pledgee and liable to her as such by reason of her becoming entitled to the debt secured, unless he transferred the pledge to her. The only question is, in case Meyer still holds the pledge, whether under the terms of the lease there is a present liability of Meyer to return the deposit. By those terms it was to be returned at the termination of the lease if the rent had been paid. The lease has terminated, but the rent has not been fully paid. The suit is, therefore, prematurely brought against Meyer; the judgment in his favor must be affirmed on that ground and on that ground alone.

We cannot agree with the learned trial judge that Mrs. Williams and Mennen can be held individually as owners of the land by reason of the covenants in the lease. The suit is to recover a deposit held in pledge as security for the performance of the covenants in the lease. The pledgee is liable as such, not as lessor. So far as concerns the legal situation, the deposit might as well be made with a trust company. The liability to return the deposit to Kaufman runs not with the reversion, but with the pledge, if we may use that form of expression. Whether Mrs. Mennen or her estate or devisees can be held by reason of the acceptance of a deed from Meyer subject to all stipulations, agreements or covenants obligatory upon him, is a question not now presented. Even if, upon a proper construction of the deed, it should be held that the language amounted to an assumption of the liability of Meyer or an agreement to indemnify him, Kaufman was not a party to the deed and cannot enforce Meyer's right in a court of law

against the Mennens. *Crowell* v. *Hospital of St. Barnabas,* *27 N. J. Eq.* 650. The deed contains no covenant in favor of Kaufman. If the Mennen estate can be held at all by Kaufman, it can only be because in the passing of the title the $5,000 deposit was allowed to her as a deduction from the purchase price. If this was done, then she in effect received $5,000 of Kaufman's money held in pledge, and upon his fulfilling the condition of the pledge she must return it. Whether or not she was allowed this deduction is a question of fact, which must be submitted to a jury. If they find that she received it, judgment should go against her executors. If they find that she did not receive it, judgment should go in favor of her executors. Mrs. Williams and Mennen as individuals are in any event entitled to a judgment in their favor. The present judgment against them must be reversed.

We reiterate, by way of caution, that the judgment in favor of Meyer is affirmed only because as to him the suit is prematurely brought. His ultimate liability may be determined hereafter. Technically, perhaps, the suit is prematurely brought against Williams and Mennen, even if they have had the $5,000, since confessedly the rent was not fully paid when the suit was begun; but a credit of the amount of rent against the deposit is in effect payment, and there can be no difficulty in making this credit if Mrs. Mennen has had the money.

*For affirmance as to Meyer*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.

*For affirmance as to Mennen and Williams*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.