CENTRAL HOME TRUST COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. WALSH BAKERIES AND RESTAURANTS, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted October 14, 1932—Decided March 3, 1933.

Before Justices BODINE and DONGES.

For the plaintiff-appellant, *Richard V. Stein* (*Raymond A. Leahy*).

For the defendant-respondent, *George R. Walsh*.

PER CURIAM.

The plaintiff sued for the rent reserved in a written lease. The defendant answered that by reason of the occupation of a part of the premises for a speakeasy the covenant for quiet enjoyment had been breached, and by way of set-off claimed the recovery of the money deposited as security under the lease. The jury gave judgment in favor of the defendant. The plaintiff appeals.

The defendant maintained a restaurant and bakery in a part of the premises leased situate at 6 and 8 West Jersey street, Elizabeth. The lessor was the 96 Broad Street Holding Company. Defendant was notified that the lease had been assigned by Max Stitch and Emanuel Levy to the plaintiff, Central Home Trust Company. Rent was thereafter paid to that company.

It appears that a noisy and disturbing speakeasy, where beer and other intoxicants were sold, was maintained above defendant's premises by someone. At all events, one Drake worked there and all his dealings were with one Stitch—whether Max or not does not appear. Nor is it clear what interest Stitch had in the original lease so that he could assign the same. There is testimony that he and plaintiff were mutually interested in the lease and the proofs are open to the inference that Stitch had set up the speakeasy.

"The failure to put an end to the use of other apartments in the building for immoral and illegal purposes after notice has been held a breach of the covenant for quiet enjoyment." 36 *C. J.* 80. The landlord in the instant case appears to have had at least knowledge of the speakeasy and failed to do anything effective about removing the same. Of course, the violation occurred while the Hobart act was in force.

The plaintiff moved for the direction of a verdict in its favor on the following ground: "That there was no connec-

tion between the Central Home Trust Company and the speakeasy and nothing there can be binding on the Central Home Trust Company." The court properly denied this motion because the proofs showed that the plaintiff's officers had knowledge of the existing condition.

The plaintiff moved for a nonsuit on the set-off on the ground that it had not been shown that the $405 ever came into the hands of the present holder of the lease. This motion was improperly denied because the deposit was a pledge and there was nothing to show it had ever reached plaintiff's custody. *Kaufman* v. *Williams,* 92 *N. J. L.* 182; 104 *Atl. Rep.* 202. That the landlord was obliged to give credit on the amount of the last two months' rent, to the extent of the deposit, does not alter the situation so far as the proofs are concerned. The assignment of the lease was not in evidence. The plaintiff's obligations do not appear. It only appears that upon notice defendant paid rent to the plaintiff rather than to its lessor.

So far forth as there is a proper exception to the charge of the trial judge the same appears faultless. A similar observation applies to the rulings upon the admission and rejection of evidence.

The motion to dismiss the appeal will be denied. The judgment was entered July 1st, 1932. The bond filed within time was for an insufficient amount. On motion, the Supreme Court remedied the defect. The propriety of its acts cannot be questioned before us, even though the order was by a single justice. The transcript was certified within time. A certificate made on the sixteenth of the month is made within fifteen days after the first day of that month.

The judgment in favor of the defendant on the counterclaim is reversed, to the end that there may be a new trial on the issue raised by the counter-claim. In other respects, the judgment is affirmed.