WILLIAM CUMMINGS, PLAINTIFF-APPELLANT, v. THE FREEHOLD TRUST COMPANY, DEFENDANT-RE-SPONDENT.

Argued February 3, 1937—Decided April 30, 1937.

For the appellant, *Hartshorne & Byrne* (*Martin P. Byrne,* of counsel).

For the respondent, *McDermott & Finegold* (*Harold McDermott,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. Appellant, plaintiff below, appeals from a judgment, based on a directed verdict, in favor of respondent, defendant below, and who will hereafter be referred to as the Bank.

The rather narrow question presented is whether the Bank by accepting a deed from its grantor subject, *inter alia,* to a lease for said premises made by him with the plaintiff, assumed the existent obligation therein contained of returning to the plaintiff, at the expiration of the term of that lease and the acceptance of the premises together with the leased fixtures and equipment, the sum of $1,000 which he had deposited as security for the payment of the rent reserved and for the carrying out of the covenants of the instrument of leasing. To determine that question we revert to the facts.

On September 4th, 1928, Israel Sagotsky, then owner of the premises, leased same to the plaintiff. The lease was in writing; it was for a period of five years and expired on September 4th, 1933. The clause in issue provided:

"The party of the second part [plaintiff] is to deposit with the party of the first part [lessor] the sum of One Thousand Dollars which sum is hereby acknowledged, to be held by the party of the first part as security for the payment of the rents and the carrying out of the covenants of this lease during said term of five years and at the expiration of said term of five years, said sum of One Thousand Dollars is to be returned to the party of the second part at the time of accepting the return of said leased premises, fixtures and equipment."

It will serve no useful purpose to detail the undisputed events that followed: Suffice it to mark the fact that on August 31st, 1932, Sagotsky and wife conveyed the leased premises to the Bank, "subject [among other encumbrances] to the lease on said premises made to William Cummings which expires September 4th, 1933," in liquidation of Sagotsky's indebtedness to it.

The relationship between the plaintiff and Sagotsky was that of pledgor and pledgee, and that relationship never changed. Thus, as we have seen, plaintiff's $1,000 was and has continued to be a deposit by way of pledge. And we have held that the liability to return that pledge runs not with the reversion, so to speak, but with the pledge. It is the personal liability of the pledgee as such and not as lessor. *Kauffman* v. *Williams,* 92 *N. J. L.* 182; 104 *Atl. Rep.* 202; 36 *C. J.* 298, § 1075, and *p.* 300, § 1081.

But did the plaintiff produce any proof from which the proper inference could be deduced that the personal liability of Sagotsky as pledgee was assumed by the Bank? Diligent industry of counsel points to no such proof and we find none. It simply is not present.

True, plaintiff paid the rent reserved under his lease, attorned to the Bank and otherwise carried out the terms of his undertaking, but when, as here, the proofs fail to show that the Bank assumed Sagotsky's obligation as pledgee, or

that the deposit formed part of the consideration for the conveyance by Sagotsky to the Bank, there is no liability on the part of the latter to return the pledged deposit to the plaintiff.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 16.

*For reversal*—None.