BAY VIEW STATE BANK, Plaintiff, v. LIBER and others, Defendants: WEINSTEIN, Defendant and Appellant: NASRALLAH, Defendant and Respondent.

*January 2—January 31, 1967.*

540

For the appellant there were briefs by *Axel, Aaron & Goldman,* and oral argument by *Maurice Weinstein,* all of Milwaukee.

For the respondent there was a brief and oral argument by *Max E. Geline* of Milwaukee.

HANLEY, J. The original lease executed by the Libers as lessors and the Kanters as lessees did not contain any provision for the return of the rental deposit in the event the lease was in effect until the expiration date. Under these circumstances there is an implied contract to refund the deposit. An implied contract is essentially based on the surrounding facts and circumstances. Clearly, here the parties intended the deposit would be returned if the relationship of landlord-tenant had to be terminated for some unforeseen reason. Here we have an implied covenant by Josephine Liber to return the $1,500 in the event the relationship of landlord-tenant is terminated without default by the tenant.

The question arises whether under the provisions of sec. 234.15, Stats., the lessee Nasrallah may recover against the grantee Weinstein.

Sec. 234.15, Stats., provides as follows:

"**Remedies of lessees against assignee of lessor.** The lessees of any lands, their assigns or personal representatives shall have the same remedy by action or otherwise against the lessor, his grantees, assignees or his or their representatives for the breach of any covenant or agreement in such lease contained as such lessee might have had against his immediate lessor. The provisions of this and section 234.14 shall extend as well to grants or leases in fee reserving rents as to leases for life and for years."

We believe under the above statute that the lessee Nasrallah has the same remedy against the grantee Weinstein that he would have against the immediate lessor Josephine Liber for the breach of the implied covenant to return the deposit in the event the lease was terminated, as it was here by foreclosure.

In *Ecke v. Fetzer* (1886), 65 Wis. 55, 26 N. W. 266, this court when considering the position of an assignee

of the lessor, the assignee being put on notice, stated at page 60:

". . . The covenant, being a covenant which runs with the land, binds the assignee of the lessor, who is also the assignee of the lease and becomes the landlord of the tenant during the term. In such case the assignee of the lease becomes bound under the statute (sec. 2195, R. S.), although not named in the lease."

Under sec. 234.15, Stats., we believe a grantee becomes liable to the lessee where the grantee, expressly or impliedly, assumes the obligation to return the deposit to the lessee and has received some benefits because of the relationship itself.

Defendant Weinstein cites several New Jersey supreme court cases which have consistently held that a deposit as security for performance of and in compliance with the conditions of a lease, to be returned by the landlord to the tenant upon termination of the lease, is a pledge and does not run with the land. It is held to be a personal obligation between the immediate lessor and the lessee; and, therefore, no cause of action lies against the grantee. The cases cited are *Kaufman v. Williams* (Court of Errors and Appeals, 1918), 92 N. J. L. 182, 104 Atl. 202, 203, and *Cummings v. Freehold Trust Co.* (Court of Errors and Appeals, 1937), 118 N. J. L. 193, 191 Atl. 782, 783.

The above cases have been distinguished by the later New Jersey case, *Four-G Corp. v. Ruta* (1958), 25 N. J. 503, 507, 138 Atl. (2d) 18, where the court said:

". . . Our cases hold that a deposit as security for performance of a lease constitutes a pledge between the immediate parties, and a grantee of the landlord is not chargeable with its return unless he expressly assumes liability or receives a credit for it against the purchase price. . . . If the deposit here were merely as security, plaintiff could not have claimed a credit for it. But the lease expressly provides that the 'deposit shall apply on

the rent for the last six months of the term.' That provision is binding upon the purchaser. . . ."

In 52 C. J. S., Landlord and Tenant, p. 225, sec. 473 (d), it is stated as follows:

*"Application of deposit to rent.* A clause of the lease providing that the deposit is to be applied to the payment of the rent for the latter part of the term is not controlled by the rule that a covenant to return a deposit does not run with the land, and it is available to the tenant against the purchaser of the property, in the absence of stipulations otherwise providing, even though the deposit has not been transferred to the purchaser."

By analysis of the foregoing cases, it clearly appears that the former grantee Weinstein is obligated to return to the former lessee Nasrallah the security deposit even though it is stipulated by the parties that Weinstein never received any part of the deposit.

It is evident that Weinstein, grantee, acknowledged the relationship of landlord-tenant between himself and Nasrallah. As a portion of the stipulated facts, there is included a letter from appellant Weinstein to Nasrallah which reads in part as follows:

". . . I recognized that you had deposited with Mr. and Mrs. Liber the sum of $1500.00, which will apply on the last six months of your lease for the premises at 2321 South Kinnickinnic Avenue.

"When I purchased this property I was aware of this deposit and I will give you credit for this on the last six months of your lease."

This letter demonstrates that Weinstein was the purchaser of the property, that he had notice of the lease and its terms, and that he was prepared to abide by such lease.

In the instant case, the relationship was not that of pledgor-pledgee, but was that of lessor-lessee, and the purchaser, Weinstein, did, by his actions, assume the obligation to return the deposit. Weinstein certainly benefited by the newly acquired landlord-tenant relationship.

Weinstein was receiving rental payments at the rate of $250 per month, and seemingly occupied the same position as Mrs. Liber, the immediate lessor of the respondent Nasrallah.

*By the Court.*—Judgment affirmed.